UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRITI SANKARATHIL, Individually and as Conservator for PRAKASH SANKARATHIL, a Protected Person,

        Plaintiff,

v.

EF PRODUCTS, INC., a Texas Corporation, and AUTOZONE STORES, INC., a Foreign Profit Corporation

        Defendants.

_____/

Case No. 07-14269

HON. MARIANNE O. BATTANI


PRITI SANKARATHIL, Individually and as Conservator for PRAKASH SANKARATHIL, a Protected Person,

        Plaintiff,

v.

CROWN HOLDING, LLC, et al.,

        Defendants.

_____/

Case No. 08-13246

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANT/CROSS PLAINTIFF AUTOZONE STORE INC.'S MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

      Before the Court is Defendant/Cross Plaintiff AutoZone Stores, Inc.'s "Motion for Summary Judgment on Cross Claim against Defendant/Cross Defendant EF Products, Inc." (Doc. 47). Autozone claims that it is entitled to summary judgment because EF

Products is contractually obligated to defend and indemnify it with respect to Plaintiff's claim. For the reasons discussed below, the Court grants AutoZone's Motion for Summary Judgment.

## II.     STATEMENT OF FACTS

This case involves a can of R-134a refrigerant that was manufactured by EF Products and sold from an AutoZone retail store. EF Products had a vendor agreement with AutoZone that contained the following indemnification provision:

> Vendor shall defend, hold harmless and indemnify AutoZone from and against all suits, claims, losses, costs and expenses, even if such claims are groundless, fraudulent, or false, arising out of any actual or alleged

injury or death to any person, damage to any property or any other damage or loss, resulting in whole or in part from any alleged or actual defect in any products supplied to AutoZone by Vendor . . . including improper construction or design of said products, or the failure of said merchandise to comply with Vendor's specifications or warranties . . . .  Vendor's duties and obligations created herein shall not be limited by AutoZone's extension of the Warranty to Customer as stated in this Vendor Agreement, except to the extent that AutoZone grants a warranty to its customers in excess of that agreed by the Vendor as stated in the Warranty to Customer.

Prakash Sankarathil purchased a can of the R-134a refrigerant from AutoZone to recharge the air conditioning unit in his car. The can of refrigerant exploded while Sankarathil was using it, causing him injuries.

Sankarathil subsequently sued EF Products for negligent design and breach of implied and express warranties. Sankarathil also sued AutoZone for negligence. In his deposition, Sankarathil testified that an AutoZone sales representative instructed him on how to use the refrigerant. Sankarathil did not remember, however, any of the specific instructions that the AutoZone representative gave to him.

**III.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party."  Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008).

**IV.    ANALYSIS**

AutoZone argues that EF Products has breached the indemnification agreement by failing to defend AutoZone in this action.  Accordingly, AutoZone asserts that EF Products should be required to indemnify it in this litigation.  EF Products responds that Sankarathil testified at his deposition that an AutoZone sales representative provided him with instructions relating to the use of the R-134a refrigerant that exceeded the labeling instructions and warnings provided by EF Products.  As such, EF Prodcuts contends that AutoZone is not entitled to contractual indemnity because an exception to the indemnification agreement applies.

The indemnification agreement contained an exception in the event "that AutoZone grants a warranty to its customers in excess of that agreed by [EF Products] as stated in the Warranty to Customer."  Sankarathil's deposition testimony indicates

3

that an AutoZone representative provided him with instructions on how to use the R-134a refrigerant, but there is no testimony concerning the specific instructions and warranties that the AutoZone representative gave to Sankarathil regarding the refrigerant. Furthermore, there is no other evidence concerning the instructions or warranties that the AutoZone representative provided to Sankarathil. Therefore, there is no evidence that the instructions or warranties provided by the AutoZone representative exceeded the instructions and warranties given by EF Products.

Because the indemnity agreement indicates that it applies to "*all* suits, claims, losses, costs and expenses," unless the exception applies, the burden is on EF Products to show that the exception applies. (Doc. 47-3 at 8 (emphasis added)); see Westlake Vinyls v. Goodrich Corp., 518 F.Supp. 2d 947, 951-52 (W.D.Ky. 2007) ("Proof of the exception to an indemnity claim is an affirmative defense to be raised and proven by the indemnitor."). EF Products has not proffered any evidence indicating that it would be able to satisfy this burden. Therefore, the Court holds that the indemnification agreement requires EF Products to indemnify AutoZone with respect to Plaintiff's claim.

**V.     CONCLUSION**

Accordingly, the Court **GRANTS** AutoZone's Motion for Summary Judgment of its cross claim against EF Products and requires EF Products to indemnify AutoZone for this litigation.

**IT IS SO ORDERED.**

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

DATED: July 10, 2009

## CERTIFICATE OF SERVICE

    Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

        s/Bernadette M. Thebolt
        Case Manager